UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | | |
|---|---|---|
| NOBLE CAPITAL LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 25-cv-06146 |
| THE PEOPLE'S REPUBLIC OF CHINA, THE COMMUNIST PARTY OF CHINA, THE STATE COUNCIL OF THE PEOPLE'S REPUBLIC OF CHINA, THE MINISTRY OF FINANCE OF THE PEOPLE'S REPUBLIC OF CHINA, THE PEOPLE'S BANK OF CHINA, and THE STATE-OWNED ASSETS SUPERVISION AND ADMINISTRATION COMMISSION OF THE STATE COUNCIL, | : | |
| Defendants. | : | |

---

## COMPLAINT

Noble Capital LLC alleges as follows:

## PARTIES

1. Noble Capital LLC ("Noble Capital") is a limited liability company organized and existing under the laws of the State of Delaware.

2. The People's Republic of China (the "People's Republic") is a foreign state within the meaning of 28 U.S.C. § 1603(a), the recognized government having authority and jurisdiction over mainland China and the successor government to the Republic of China.

3. The Communist Party of China (the "Communist Party") is a foreign state within the meaning of 28 U.S.C. § 1603(a).

4. The State Council of the People's Republic of China (the "State Council") is a foreign state within the meaning of 28 U.S.C. § 1603(a).

5. The Ministry of Finance of the People's Republic of China (the "Ministry of Finance") is a foreign state within the meaning of 28 U.S.C. § 1603(a).

6. The People's Bank of China (the "State Central Bank") is a foreign state within the meaning of 28 U.S.C. § 1603(a).

7. The State-owned Assets Supervision and Administration Commission of the State Council (the "State Assets Commission") is a foreign state within the meaning of 28 U.S.C. § 1603(a).

8. The People's Republic, the Communist Party, the State Council, the Ministry of Finance, the State Central Bank and the State Assets Commission are referred to collectively as the "China Government Defendants."

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1330(a), 1605(a), 2201(a) and 2202.

10. The Court has personal jurisdiction over the defendants pursuant to 28 U.S.C. § 1330(b) because service is being made pursuant to 28 U.S.C. § 1608.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(f)(1).

## FACTUAL ALLEGATIONS

12. Noble Capital is the assignee and lawful owner of certain sovereign bonds issued by the Republic of China and entitled Six Per Cent. Two-Year Secured Gold Loan Treasury Notes of 1919 (the "1919 Sovereign Notes").

13. The 1919 Sovereign Notes are dollar-denominated, English-language bearer bonds, each of which contains a unique serial number and is embossed with the seal of the Republic of China.

14. The 1919 Sovereign Notes are due and payable pursuant to their terms.

15. The People's Republic has failed and refused and continues to fail and refuse to pay the 1919 Sovereign Notes.

16. The People's Republic has breached and continues to breach the terms and conditions of the 1919 Sovereign Notes.

## COUNT I
(People's Republic)

17. Noble Capital repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

18. The People's Republic is liable to Noble Capital for payment of the 1919 Sovereign Notes in an amount to be determined at trial.

19. Noble Capital is entitled to set off the amount owed by the People's Republic to Noble Capital on account of the 1919 Sovereign Notes in payment of any amount owed by Noble Capital to the People's Republic.

## COUNT II
(Communist Party)

20. Noble Capital repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

21. The Communist Party is an organ of the People's Republic and is not a juridical entity separate from the People's Republic.

22. The Communist Party is an alter ego of the People's Republic and exercises dominion and control over the People's Republic.

23. The Communist Party and the People's Republic have a principal-agent relationship.

24. The Communist Party and the People's Republic are not independent and treatment of the Communist Party as separate from the People's Republic would work a fraud or injustice.

25. The Communist Party is liable to Noble Capital for payment of the 1919 Sovereign Notes in an amount to be determined at trial.

26. Noble Capital is entitled to set off the amount owed by the Communist Party to Noble Capital on account of the 1919 Sovereign Notes in payment of any amount owed by Noble Capital to the Communist Party.

## COUNT III
(State Council)

27. Noble Capital repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

28. The State Council is a political subdivision of the People's Republic and is not a juridical entity separate from the People's Republic.

29. The State Council is an alter ego of the People's Republic under the common dominion and control of the Communist Party.

30. The State Council and the People's Republic have a principal-agent relationship.

31. The State Council and the People's Republic are not independent and treatment of the State Council as separate from the People's Republic would work a fraud or injustice.

32. The State Council is liable to Noble Capital for payment of the 1919 Sovereign Notes in an amount to be determined at trial.

33. Noble Capital is entitled to set off the amount owed by the State Council to Noble Capital on account of the 1919 Sovereign Notes in payment of any amount owed by Noble Capital

4

to the State Council.

## COUNT IV
### (Ministry of Finance)

34. Noble Capital repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

35. The Ministry of Finance is a political subdivision of the People's Republic and is not a juridical entity separate from the People's Republic.

36. The Ministry of Finance is an alter ego of the People's Republic under the common dominion and control of the Communist Party.

37. The Ministry of Finance and the People's Republic have a principal-agent relationship.

38. The Ministry of Finance and the People's Republic are not independent and treatment of the Ministry of Finance as separate from the People's Republic would work a fraud or injustice.

39. The Ministry of Finance is liable to Noble Capital for payment of the 1919 Sovereign Notes in an amount to be determined at trial.

40. Noble Capital is entitled to set off the amount owed by the Ministry of Finance to Noble Capital on account of the 1919 Sovereign Notes in payment of any amount owed by Noble Capital to the Ministry of Finance.

## COUNT V
### (State Central Bank)

41. Noble Capital repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

42. The State Central Bank is a political subdivision of the People's Republic and is not a juridical entity separate from the People's Republic.

43. The State Central Bank is an alter ego of the People's Republic under the common dominion and control of the Communist Party.

44. The State Central Bank and the People's Republic have a principal-agent relationship.

45. The State Central Bank and the People's Republic are not independent and treatment of the State Central Bank as separate from the People's Republic would work a fraud or injustice.

46. The State Central Bank is liable to Noble Capital for payment of the 1919 Sovereign Notes in an amount to be determined at trial.

47. Noble Capital is entitled to set off the amount owed by the State Central Bank to Noble Capital on account of the 1919 Sovereign Notes in payment of any amount owed by Noble Capital to the State Central Bank.

## COUNT VI
(State Assets Commission)

48. Noble Capital repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

49. The State Assets Commission is a political subdivision of the People's Republic and is not a juridical entity separate from the People's Republic.

50. The State Assets Commission is an alter ego of the People's Republic under the common dominion and control of the Communist Party.

51. The State Assets Commission and the People's Republic have a principal-agent relationship.

52. The State Assets Commission and the People's Republic are not independent and treatment of the State Assets Commission as separate from the People's Republic would work a

fraud or injustice.

53. The State Assets Commission is liable to Noble Capital for payment of the 1919 Sovereign Notes in an amount to be determined at trial.

54. Noble Capital is entitled to set off the amount owed by the State Assets Commission to Noble Capital on account of the 1919 Sovereign Notes in payment of any amount owed by Noble Capital to the State Assets Commission.

## COUNT VII
### (Further Relief)

55. Noble Capital repeats and realleges the allegations set forth in the preceding paragraphs as if fully restated herein.

56. The China Government Defendants have engaged and continue to engage in inequitable conduct. The China Government Defendants are uniquely recalcitrant debtors.

57. The China Government Defendants continue to hold property in the United States, including property that is used for commercial activity and property that is not held by a monetary authority for its own account.

58. Further relief in the form of the appointment of an equity receiver to take possession and control of the foregoing property is necessary and proper to avoid the loss or diminishment of the foregoing property to satisfy the amount owed by the China Government Defendants on account of the 1919 Sovereign Notes.

59. The People's Republic continues to deposit funds with Deutsche Bank Trust Company Americas ("Deutsche Bank") in New York for the current payment of principal and interest when due on $19 billion of dollar-denominated sovereign bonds issued by certain of the China Government Defendants during the five-year period from 2017 through 2021 (the "Regulation S Bonds"), and said Deutsche Bank continues to pay those funds to holders of the

Regulation S Bonds in the United States and globally.

60. Noble Capital has suffered and will continue to suffer irreparable injury from the payment of principal and interest by certain of the China Government Defendants to Deutsche Bank on account of the Regulation S Bonds, and Deutsche Bank's payment to holders of the Regulation S Bonds in disregard and continuing breach of the 1919 Sovereign Notes.

61. Further relief in the form of an injunction prohibiting certain China Government Defendants from continuing to deposit funds for the current payment of principal and interest on the Regulation S Bonds prior to payment by the China Government Defendants of the amount owed to Noble Capital on account of the 1919 Sovereign Notes is necessary and proper to avoid continuing irreparable injury to Noble Capital. Absent an injunction, Noble Capital will continue to suffer irreparable injury, there is no adequate remedy at law, the balance of the equities tip in favor of Noble Capital and the public interest would not be disserved.

WHEREFORE, Noble Capital prays that the Court enter judgment:

a. Declaring that the China Government Defendants are each liable to Noble Capital on account of the 1919 Sovereign Notes in an amount to be determined at trial;

b. Declaring that Noble Capital is entitled to set off the amount owed by the China Government Defendants on account of the 1919 Sovereign Notes in payment of any amount owed by Noble Capital to any of the China Government Defendants; and

c. Granting equitable remedies and such further relief as is necessary or proper.

*[Remainder of Page Intentionally Left Blank; Signature Page Follows]*

                    Respectfully submitted,

                    NOBLE CAPITAL LLC

Dated: June 2, 2025           By:  /s/ Kenneth Noble
                                       One of Its Attorneys

Kenneth Noble
(N.Y. Bar Id. # 4017604)
NOBLE LAW PLLC
1185 Avenue of the Americas, 3rd Floor
New York, New York 10036-6805
Telephone: (212) 324-2525
knoble@noblepllc.com